WILLIAMSON, Plaintiff in Error, *vs.* STEAMBOAT MISSOURI, Defendant in Error.

1. Under our act concerning boats and vessels, (R. C. 1845,) where a complaint was filed before the expiration of the six months for which the lien continued, against a boat which was at the time beyond the jurisdiction of the court, and after the expiration of the six months the boat came within the county, and was seized under an alias warrant, *it was held,* that the lien was not saved.

### *Error to St. Louis Court of Common Pleas.*

This was a suit instituted to enforce a lien against the steamboat Missouri for work and labor done, and materials furnished in the repair of said boat at St. Louis. The cause of action accrued in May, 1850, soon after which, the boat left St. Louis for New Orleans. On her return to St. Louis, she struck an obstruction in the river, south of the boundary line of the state of Missouri, and in consequence of the injuries received, was abandoned to the underwriters. The original warrant against the boat was issued October 11, 1850, within six months after the cause of action accrued, and was returnable to the February term, 1851, of the St. Louis Court of Common Pleas. It was not served, for the reason that the boat was not within the jurisdiction of the court when it issued, nor at any time before the return day. The boat did not come within the jurisdiction of the court until February 27, 1851, on which day she was seized under an alias warrant, and on the next day was bonded and released.

*Knox & Kellogg*, for plaintiff in error. The institution of suit within six months, and its continuation until the boat was seized, saved the lien. The statute of limitations is no bar to a demand on which suit is instituted before the expiration of the time limited, and continued until the service of process, although such service is not obtained until after the time limited has expired. *Ontario Bank* v. *Rathbun*, 19 Wend.

291. *Gardner* v. *Webber,* 17 Pick. 407. *Beekman* v. *Satterlee,* 5 Cow. 519. *Ham* v. *Dickinson,* 4 Bibb, 276. 3 Mason, 329.

*Thomas B. Hudson,* for defendant in error.

RYLAND, Judge, delivered the opinion of the court.

1. From the facts in this case, one point only becomes necessary for us to decide. That is, not whether an alias writ can be properly issued, and thereby continue the lien; but whether, at the time when the action was commenced, the court had jurisdiction of the case. The steamboat, at the commencement of the suit, was out of the jurisdiction of the court, and had been for months previously to the issuance of the warrant.

A person claiming the benefit of a lien, under our boat law, *may* commence his suit under the act against the boat or vessel by name, by filing a complaint against such boat or vessel with the clerk of the Circuit Court *of the county in which the boat or vessel may be found.* In St. Louis county, the suit may be commenced in the Court of Common Pleas.

In the opinion of this court, this requires the boat or vessel to be in the county, at the time the suit is commenced. To obtain the benefit of the lien, the action must be commenced within six months after it accrues, and be commenced within the county where the boat is found at the time. The statute never contemplated conferring the power on a plaintiff to commence his suit in St. Louis county against a boat in New Orleans at the time, and to continue this action by *alias* and *pluries* warrants for twelve or eighteen months, until the boat might be found within the county. It is a proceeding *in rem,* and the court must have the boat within its jurisdiction when the process issues.

The judgment of the Common Pleas is correct. It is, therefore, with the concurrence of the other judges, affirmed.