AUGUSTUS McDOWELL *et al.*, Plaintiffs in Error, *v.* STEAM-BOAT DAVID TATUM, Defendant in Error.

*Boats—Vessels—Limitations.*—A suit is commenced against a boat by filing the petition and taking out process to seize the boat, and the time limited by the statute is to be computed, not from the date of seizing the boat, but of the issuing the writ.

*Error to St. Louis Circuit Court.*

*C. F. Burnes,* for plaintiffs in error.

I. The suit was commenced within six months after the true date of the last item in the account, by filing the complaint on the 14th day of June, 1859, accompanied by affidavit and bond. (1 R. C. 1855, ch. 20, § 3 & 42.)

II. In Williamson v. Steamer Missouri, 17 Mo. 374, the boat was shown to be without the jurisdiction of the court at the time of the filing of the complaint, and until after the expiration of the lien and the return of the first writ. But, in this case, the writ was issued on the 14th day of June, 1859, returnable on the 26th day of September following, being the first term after the filing of the complaint; and was duly served on the 2d day of September. The court thus obtaining jurisdiction during the existence of the first writ, made it incumbent on the defendant to show that the boat was without the jurisdiction of the court until after the expiration of the lien.

III. The filing of the complaint, and not the seizure of the boat, constitutes the commencement of the suit, the court presuming in favor of its jurisdiction until the return of the sheriff, or other evidence, makes it evident that the boat is not at the time within the jurisdiction of the court. The declaration of law by the Circuit Court is therefore erroneous.

*F. C. Sharp* and *C. S. Hayden,* for defendant in error.

I. The boat was not seized by the sheriff until more than

six months after the true date of the last item in the account upon which the action was founded, consequently the lien of the plaintiffs' demand had expired before the seizure, and the court never had jurisdiction of the case. (R. C. 1855, p. 313, § 42; Williamson v. St. Bt. Missouri, 17 Mo. 374.)

II. In suits *in rem* jurisdiction is obtained, not by filing a paper in court or by the issue of a writ, but by the seizure of the *res*. If the *res* be without the region over which the court's proceedings extend, the whole proceeding is *coram non curiæ*, and amounts to nothing. (The Bee, Ware's R. 332; The Ada, Davies, 407; The Jerusalem, 2 Gall. 191.)

III. The proceedings under the boat act being quasi *in rem*, the principles of that system of law from which the provisions of that act are drawn, must, as this court has decided, 10 Mo. 612, even though the statute were silent, be considered as applicable.

BAY, Judge, delivered the opinion of the court.

This suit was brought, under our statute relating to boats and vessels, to recover a debt contracted by the master of the steamboat David Tatum for materials furnished said boat. The complaint was filed on the 14th day of June, 1859, and on the same day a warrant was issued and delivered to the sheriff of St. Louis county, returnable on the 26th of September following. The return of the sheriff shows that he executed the warrant in the county of St. Louis on the 2d of September, 1859, by seizing said boat, &c. The materials were furnished and delivered on the 4th of January, 1859.

Upon the foregoing facts, the court declared as the law of the case, that although the petition may have been filed and the warrant issued within six months after the true date of the last item of the account, yet the suit was not commenced within six months, the time limited by statute, and the plain-

tiffs were not entitled to recover. The theory of the court was that the suit was not commenced until the boat was seized. In this the court evidently erred. The suit was commenced on the day that the complaint was filed and process issued. In support of the ruling of the court below, the defendant in error has invoked the decision of this court in Williamson v. Steamboat Missouri, 17 Mo. 374, but without committing ourselves to the propriety of that decision, it is sufficient to say that it has no application to the case at bar. That decision was predicated upon the phraseology of the statute, which requires that the complaint shall be filed with the clerk of the circuit court of the county in which the boat or vessel may be found; and as the boat was not at the time of the filing of the complaint, nor for six months afterwards, within the jurisdiction of the court, the court held that the lien was not saved. In other words, that to obtain the benefit of the statutory lien the action must be commenced within six months after it accrues, and within the county where the boat is found at the time.

In the present case, no question arises with reference to the jurisdiction of the court below. The defendant did not plead to the jurisdiction, nor does the want of jurisdiction appear upon the face of the pleadings. For aught that appears, the boat was in the county of St. Louis at the time the petition was filed.

The judgment will be reversed and the cause remanded, the other judges concurring.